IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO HERRERA GOMEZ, § <br> #15940-078, § <br>     Movant, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br>     Respondent. § | No. 3:18-cv-855-B (BT) <br> No. 3:17-cr-405-B-1 |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Pedro Herrera Gomez, a former federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss the motion for lack of jurisdiction.

I.

On May 11, 2010, Gomez was sentenced to 93 months' imprisonment and five years' supervised release for conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. (*See* Crim. Doc. 17 at 1).[1] He began serving his term of supervised release on November 9, 2015. (See *Id.*). In August 2017, his supervised-release jurisdiction transferred to the United States District Court for the Northern District of Texas. (*See* Crim. Docs. 1, 2). In November 2017, Gomez's

---

[1] When referencing the docket, the Court will designate the Criminal Action No. 3:17-CR-405-B-1 as "Crim. Doc."

probation officer filed a Petition for Offender under Supervision, (Crim. Doc. 4), stating that Gomez had been arrested in May 2017, for possession of heroin. (*Id.* at 2.). The petition also stated that Gomez failed to attend substance-abuse treatment, to submit required urine samples and monthly reports, and to meet with or contact his probation officer. (*Id.* at 2-3). The petition found that Gomez's violations were Grade C violations, which, coupled with his criminal history category of V, produced a Chapter 7 policy-statement range of seven to 13 months' imprisonment upon revocation of supervised release, pursuant to the U.S. Sentencing Guidelines Manual (U.S.S.G.). (*Id* at 4).

In December 2017, Gomez's probation officer filed an addendum to the petition, noting that the previous petition "reflected a Violation Grade C in error," and that the correct grade was Grade B. (CR No. 17), which, combined with the criminal history category of V, increased his policy-statement imprisonment range to 18 to 24 months. (*Id.*).

At the revocation hearing, the Court found "by a preponderance of the evidence that the allegations contained in the petition . . . [were] true, accepting them and understanding that he has made a no contest plea as to the heroin possession." (Crim. Doc. 25 at 6-7.) The Court then revoked Gomez's supervised release and sentenced him to 18 months' imprisonment with no additional supervised-release term. (*Id.* at 29; Crim. Doc. 20). Gomez did not file a direct appeal. (*See* Doc. 4 at 2).

On April 23, 2018, the Court received Gomez's timely-filed amended § 2255 motion. (Doc. 4). In his motion, Gomez argues that upon revocation of his supervised release, the Court incorrectly calculated his sentencing guideline range. (*See id.* at 7). The government filed a response arguing Gomez's claim lacks merit. (Doc. 7). Gomez did not file a reply.

II.

A § 2255 motion is a petition for relief from a conviction or sentence made by a prisoner under a federal sentence. Once a person has served his federal sentence, he is no longer "in custody" for purposes of § 2255. *See United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004). "The Supreme Court has held that a movant is not 'in custody' under a conviction for the purpose of § 2254 relief where the sentence imposed for that conviction has fully expired." *Id.* (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). This analysis "applies equally when a movant is no longer in federal custody for the purpose of § 2255 relief where the sentence imposed for that conviction has expired." *Esogbue*, 357 F.3d at 534 (citing *Custis v. United States*, 511 U.S. 485, 497 (1994)).

"Although an applicant need not be in actual physical custody to pursue a habeas action, there must be some type of restraint on the liberty of a person." *Mertan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) (citing *Jones v. Cunningham*, 371 U.S. 236, 238–40 (1963). If a movant has been released from federal prison, a federal court maintains jurisdiction over his § 2255 motion if the movant remains subject to a term of supervised release. *See United States v. Bejarano*, 751 F.3d 280,

285 n.4 (5th Cir. 2014). If, however, a movant has completed his sentence of imprisonment, and he has no further term of imprisonment or supervised release to serve, his § 2255 motion is moot. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Here, a review of the Federal Bureau of Prisons' website shows that Gomez has been released from prison, following his revocation of supervised release, (*see* https://www.bop.gov/inmateloc/, search by BOP Register No. 15940-078)), and he is not subject to any additional term of supervised release. (*See* Crim. Doc. 20 at 2). Further, Gomez has not identified, nor is the Court aware of, any present restraint on his liberty. Thus, Gomez is no longer in federal custody, and the Court lacks jurisdiction to review his § 2255 motion. *See Spencer, 523 U.S. at 7; Esogbue*, 357 F.3d at 534; *Mertan,* 667 F.3d at 539. Gomez's § 2255 motion should be dismissed for lack of jurisdiction.

### III.

Even if the Court had jurisdiction to address Gomez's motion, he is not entitled to relief on his claim. Gomez asserts that the Court misapplied the advisory sentencing guidelines, but he cannot raise this type of challenge in a § 2255 motion. "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in [section] 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *see also United States v. Vaughn*,

955 F.2d 367, 368 (5th Cir. 1992) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue.").

IV.

The Court should dismiss the § 2255 motion for lack of jurisdiction.

Signed December 10, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).